UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 MAY 28 PM 1:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 28 1997

| | |
|---|---|
| WINSTON A. GUTHRIE, an individual, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) CV 96-L-1586-S ) |
| BLUE CROSS/BLUE SHIELD OF ALABAMA, a corporation, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

I. <u>Introduction</u>

Currently pending before this court are defendant's motion for summary judgment, motion to strike demand for jury trial, and motion to strike certain affidavits, as well as plaintiff's motion for leave to amend the complaint to strike his claim for breach of contract and motion to remand.

II. <u>Undisputed Material Facts</u>

Plaintiff, Dr. Winston A. Guthrie, has a dental practice in Huntsville, Alabama. (First Guthrie Deposition, 9). His practice includes general dentistry, implant surgery, full mouth reconstruction, and neuromuscular dental services. (First Guthrie Deposition, 9, 10, 38).



Beginning in 1993 defendant Blue Cross and Blue Shield of Alabama began receiving claims from plaintiff for treatment of headaches and orofacial pain rendered to some of his Blue Cross patients. (Ryce Declaration, ¶ 2). The plans that defendant administers all require, as a condition of coverage, that the services be rendered by a health care provider acting within the scope of his professional license at the time the services are rendered. (Ryce Declaration, ¶ 3). Because the listed diagnoses were medical rather than dental, defendant requested and received copies of medical records for these patients. (Ryce Declaration, ¶ 2).

Defendant sent one set of the medical records for an independent review by a dentist and a neurologist, both of whom determined that the tests performed by plaintiff were not appropriate for the patient's condition. (Ryce Declaration, ¶ 3; Holloway Declaration, ¶ 3). After receiving these findings, defendant's Medical Review Committee met and recommended that the Alabama Board of Dental Examiners ("BODEX") and the Alabama Board of Medical Examiners ("BOMEX") be informed that plaintiff might be practicing outside the scope of his license. (Holloway Declaration, ¶ 4).

By letter dated October 6, 1993, the BODEX informed defendant that, based on the information provided by defendant, plaintiff was treating conditions that were beyond the practice of dentistry. (BODEX Letter, October 6, 1993). Plaintiff disputed the BODEX's conclusions. By letter dated June 15, 1994, the BODEX

2

stated the following:

> In the Board's opinion, treatment of headaches or orofacial pain which is not related to or caused by the Temporomandibular joint, problems with occlusion, the muscles of mastication or other dental conditions would be outside the scope of your license and the practice of dentistry. Stated another way, your treatment must be related to pain caused by that joint, those muscles, occlusal problems or dental conditions.
>
> Presently you have pending with Blue Cross and Blue Shield several claims for reimbursement. It is now Blue Cross and Blue Shield's decision whether to honor your claims based upon the limitations set forth above.
>
> Finally, the Board is of the opinion that the use of the name, description or heading "The Center For Headache and Orofacial Pain" is misleading and deceptive and you must immediately cease and desist from using it in any manner, including on your correspondence. You indicated at the meeting your agreement that the use of this name could be considered misleading.

(BODEX Letter, June 15, 1994).

Defendant retained an independent consultant, who was both a dentist and internist, to review the medical records and determine whether plaintiff's treatments were outside the scope of his license. (Holloway Declaration, ¶ 10). The consultant determined that the services plaintiff had provided to seventeen patients were either outside the scope of a license to practice dentistry or were not medically necessary under the terms of the applicable health benefit plan. Id. Thus after October 1993, defendant began denying claims submitted by plaintiff. (First Guthrie Deposition, 125). Defendant contends that when patients were notified of the denial of their claims, the denials were made in general terms, but when patients demanded specific reasons for the denials, they were told that the services had been provided

outside the scope of plaintiff's license or that the services were not medically necessary. (Ryce Declaration, ¶ 6).

On November 13, 1995, plaintiff filed suit against defendant in the Circuit Court for Madison County, Alabama. At that time, plaintiff brought claims for libel, slander per se, and intentional interference with a business relationship. The case was removed to this court on June 18, 1996 on the basis that it was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff filed a motion to remand the case because defendant had failed to remove the case in a timely fashion. Defendant stated that it did not know plaintiff was making a claim for benefits until it read plaintiff's responses to various interrogatories. Further, defendant argued that, under the super-preemption doctrine, removal of the case was not proper until plaintiff had made a claim actionable under 29 U.S.C. § 1132.

On September 11, 1996, this court denied plaintiff's motion to remand the case. On January 6, 1997, this court granted plaintiff's motion for leave to amend the complaint to add a claim for breach of contract.

Now pending before this court are defendant's motion for summary judgment, motion to strike demand for jury trial, and motion to strike certain affidavits, as well as plaintiff's motion for leave to amend the complaint to strike his claim for breach of contract and motion to remand.

4

III. Standard of Review

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); <u>United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama</u>, 941 F.2d 1428, 1437 (11th Cir. 1991). The evidence of the non-movant is to be believed, and the court is not to engage in fact-finding functions such as determining credibility and weighing the evidence. <u>Four Parcels</u>, 941 F.2d at 1437.

However, when the non-movant has the burden of proof at trial and a motion for summary judgment has been made, the non-movant bears the burden of coming forward with sufficient evidence on each element that must be proved. <u>Earley v. Champion International Corp.</u>, 907 F.2d 1077, 1080 (11th Cir. 1990). If on any part of the prima facie case, there would be insufficient evidence to require submission of the case to a jury, summary judgment is appropriate. <u>Earley</u>, 907 F.2d at 1080.

As there is no genuine issue as to any material fact, the only question left to be resolved is whether plaintiff has properly stated any claim under which he can recover.

IV. Defendant's motion for summary judgment

The patients of plaintiff who had claims rejected by defendant are covered under various types of plans. Some of the patients received their health insurance through their private employers, while others received it by virtue of federal employment

5

or through the Alabama Public Education Employees Health Insurance Program. Of course, some of the patients do not fall into any of these three categories. As to the motion for summary judgment, each of these four groups will be dealt with separately.

### A. Claims against defendant pursuant to ERISA plans

Plaintiff treated many patients who were insured by defendant under plans provided by employers which are subject to ERISA.

In defense of the claims for libel, defendant asserts that, under the terms of the plans and under federal law, it was required to notify the patients of the specific bases for denial of the claims. Thus in determining the validity of this defense to the libel claims, this court must refer to the ERISA plans themselves. All state laws that "relate to" employee benefit plans are preempted by ERISA. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987). The libel claims relate to ERISA plans and thus are preempted by ERISA. See Wheelus v. NECA/IBEW Welfare Trust Fund, 788 F. Supp. 1213 (M.D. Geo. 1992) (holding that a participant's libel claim against an ERISA plan was preempted by ERISA). Plaintiff has conceded that these libel claims are preempted by ERISA.

Plaintiff's claims of tortious interference and breach of contract are also preempted by ERISA when made pursuant to participants in ERISA plans. First National Life Insurance Co. V. Sunshine-Jr. Food Stores, Inc., 960 F.2d 1546, 1549-50 (11th Cir.

6

1992), cert. denied, 506 U.S. 1079 (1993) (breach of contract); Colleton Regional Hospital v. MRS Medical Review Systems, Inc., 866 F. Supp. 891, 894 (D.S.C. 1994) (tortious interference). Again, plaintiff has conceded that these claims of tortious interference and breach of contract are preempted by ERISA.

Thus with regards to plaintiff's claims of libel, tortious interference, and breach of contract that relate to the patients covered under ERISA plans, these claims are preempted by ERISA. Accordingly, defendant's motion for summary judgment is due to be granted to the extent that ERISA plans are involved.

B. **Claims against defendant pursuant to FEHBA**

Several of Dr. Guthrie's patients received health insurance under the Federal Employee's Health Benefits Act ("FEHBA"), 5 U.S.C. §§ 8901 et seq.

The FEHBA provides that the provisions of any federal employee health benefits contract "which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions." 5 U.S.C. § 8902(m)(1). The Eleventh Circuit interprets this preemption provision similar to ERISA's preemption provision. See Blue Cross and Blue Shield of Florida, Inc. v. Department of Banking and Finance, 791 F.2d 1501, 1504 (11th Cir. 1986). Thus, as this court has held that

7

plaintiff's claims for libel, tortious interference, and breach of contract were preempted by ERISA, these claims are also preempted by the FEHBA. Plaintiff has conceded that these claims are preempted by the FEHBA.

Thus on plaintiff's claims of defamation, tortious interference, and breach of contract that relate to the patients covered under FEHBA plans, defendant's motion for summary judgment is due to be granted.

### C. Claims against defendant pursuant to PEEHIP

Some of plaintiff's patients were covered under plans provided pursuant to Alabama's Public Education Health Insurance Plan ("PEEHIP"). The Alabama statute implementing PEEHIP provides, "Review of a final decision by the claims administrator shall be by the circuit court of Montgomery County as provided for the review of contested cases under the Alabama Administrative Procedures Act, § 41-22-20." Ala. Code § 16-25A-7(e).

Plaintiff brought this suit in the Circuit Court of Madison County, Alabama, not in the Circuit Court of Montgomery County, Alabama, as provided in the statute. As plaintiff concedes to this court, venue in this court is improper. Thus defendant's motion for summary judgment is due to be granted as to the patients covered under PEEHIP plans.

### D. Other claims against defendant

Remaining in this case are claims as to several patients whose plans are not governed by ERISA, FEHBA, or PEEHIP. As to these claims for libel and tortious interference, defendant seeks summary judgment under state law. This court declines to examine this issue.

## V. Other pending motions

Plaintiff has made a motion to amend the complaint to strike his claim for breach of contract. By separate order, this motion will be granted. This court declines to rule on defendant's pending motions to strike plaintiff's demand for trial by jury and to strike certain affidavits offered by plaintiff in opposition to the motion for summary judgment.

Finally, plaintiff has made a motion to remand this cause to state court. As the only remaining claims relate to patients not covered under plans governed by federal law, this court will, by separate order, remand those claims.

## VI. Conclusion

In the accompanying order, the court grants the defendant's motion for summary judgment as to all claims that relate to ERISA, FEHBA, and PEEHIP plans, grants the motion for leave to amend the complaint to strike plaintiff's claim for breach of contract, and grants the motion to remand what remains of this case to the state court from which it was removed.

DONE this 28th day of May 1997.

_____
Seybourn H. Lynne
SENIOR JUDGE