UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 JUL 18 PM 12: 32
U.S. DISTRICT COURT
N.D. OF ALABAMA

WINSTON A. GUTHRIE, an individual, )
)
Plaintiff, )
)
vs. ) CV 96-L-1586-S
)
BLUE CROSS/BLUE SHIELD OF ALABAMA, a corporation, )
)
Defendant. )
)

ENTERED
JUL 18 1997

## MEMORANDUM OPINION

This cause comes before the court on defendant's motion for costs and attorney's fees. The court enters the following findings of fact and conclusions of law:

## I.   Findings of Fact

1. On May 28, 1997, this court entered a partial summary judgment for defendant Blue Cross/Blue Shield of Alabama.

2. In entering the partial summary judgment, this court determined that plaintiff's claims against defendant pursuant to plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA") were preempted, that plaintiff's claims against defendant pursuant to plans governed by the Federal Employee's Health Benefits Act ("FEHBA") were preempted, and that venue was



improper as to plaintiff's claims against defendant pursuant to plans governed by Alabama's Public Education Health Insurance Plan ("PEEHIP"). Further, the court granted plaintiff's motion to amend the complaint to strike his claim for breach of contract. Plaintiff's remaining claims were remanded to the Circuit Court of Madison County, Alabama.

   3. Although summary judgment was granted as to plaintiff's treatment of thirteen patients, only six of those patients were insured under plans governed by ERISA. Defendant's motion for attorney's fees is based solely on that portion of the partial summary judgment dealing with ERISA. Thus, defendant is seeking six-thirteenths of its attorney's fees.

II. Conclusions of Law

   1. ERISA provides, "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

   2. The Eleventh Circuit has listed five factors for district courts to consider when deciding a motion for attorney's fees under this section: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and

2

beneficiaries of a plan or to resolve a significant legal question under the statute; and (5) the relative merits of the parties' positions. Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1485 (11th Cir.), cert. denied, 115 S. Ct. 2002 (1995); Freeman v. Continental Insurance Co., 996 F.2d 1116, 1119 (11th Cir. 1993); Iron Workers Local # 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980)[1]. These factors form the "nuclei of concerns" that this court should address, but "some may not be apropos in a given case." Freeman, 996 F.2d at 1119 (quoting Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Construction Co., 932 F.2d 1443, 1453 (11th Cir. 1991)); Iron Workers, 624 F.2d at 1266.

  3. There is no presumption in favor of granting attorney's fees to a prevailing claimant in an action under 29 U.S.C. § 1132(g)(1). Florence Nightingale, 41 F.3d at 1485; Freeman, 996 F.2d at 1119.

  4. Plaintiff did not act in bad faith when it filed this suit. Plaintiff's initial complaint did not contain a claim which justified removal to this court under ERISA's super-preemption doctrine. If plaintiff had not stated that he also intended to recover benefits, removal would not have occurred and this case might very well be proceeding to trial in state court. The facts that the case was removed and that this court granted partial summary judgment are not evidence that plaintiff acted in

---

[1] Opinions of the Fifth Circuit decided prior to October 1, 1981 are binding upon the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

bad faith when he filed the case.

5. An award of attorney's fees might deter other persons acting under similar circumstances. However, it is not necessarily good to deter doctors from bringing claims relating to treatment for which they think Blue Cross was wrong to deny payment, especially if the doctor does not know at the time of bringing suit whether a patient is covered under a plan governed by ERISA.

6. The relative merits of the parties' positions do not justify an award of attorney's fees to defendant. Plaintiff may ultimately prevail on the claims which survived partial summary judgment and were remanded to state court. That is, plaintiff's position may actually have some merit regardless of the fact that some of plaintiff's claims were preempted by ERISA.

7. Defendant is not entitled to an award of attorney's fees in this action. However, costs will be taxed to plaintiff.

8. A separate order will be entered.

DONE this 18th day of July 1997.

                                        Seybourn H. Lynne
                                        SENIOR JUDGE